UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRANDON HOLMES,

                Plaintiff,

v.

BRIAN FISCHER,
LUCIEN LECLAIRE,
UNKNOWN CORRECTIONAL LIEUTENANT,
FOIL OFFICER BATRONEY,
PRISONER UNKNOWN CONFIDENTIAL INFORMANTS,
ELMIRA PRISON,
NORMAN BEZIO,
KAREN BELLAMY,
LUDQUIST,
S.J. WENDERLICH,
MARK BRADT,
SUPERINTENDENT NAPOLI,
INMATE GRIEVANCE SUPERVISOR ABRUNZO,
SOUTHPORT PRISON NURSE DYAL-WEAVER,
DOCTOR HENRY FOWLER,
DOCTOR CANFIELD,

                Defendants.

**DECISION and ORDER**

09-CV-829S(F)

APPEARANCES:        BRANDON HOLMES, *Pro Se*
                                89-B-1812
                                SING SING CORRECTIONAL FACILITY
                                354 Hunter Street
                                Ossining, New York 10562-5498

                                ERIC T. SCHNEIDERMAN
                                NEW YORK STATE ATTORNEY GENERAL
                                Attorney for the Defendants
                                KIM S. MURPHY,
                                Assistant Attorney General, of Counsel
                                350 Main Street, Suite 300A
                                Buffalo, New York 14202

      By papers filed August 3, 2011 (Doc. No. 22) ("Motion to Amend"), Plaintiff

moved for leave to amend and supplement his complaint. By Decision and Order filed

December 13, 2011 (Doc. No. 31) ("D&O"), Plaintiff's motion was denied in part and granted in part.

On January 9, 2012, Plaintiff moved for reconsideration of the D&O (Doc. No. 32) ("Motion to Reconsider" or "Plaintiff's Motion").  Plaintiff contends that the court failed to construe Plaintiff's claim against Defendant Sgt. J. Smith ("Defendant Smith" or "Smith") as stated in the Motion to Amend as alleging Smith was a co-conspirator and as a result, the court erroneously denied Plaintiff leave to amend the complaint to include Defendant Smith in that claim.  Plaintiff asserts that he does not accuse Smith "of simply filing a false misbehavior report," as the D&O determined, but accuses Smith of making the false report in furtherance of the conspiracy to violate Plaintiff's due process rights based on Defendants' unwarranted urine analysis tests imposed on Plaintiff (Doc. No. 32 at ¶ 3).  In support of the conspiracy claim against Smith, Plaintiff cites to his successful pleading of a conspiracy charge under 42 U.S.C. § 1985 ("1985") as was decided in a previous decision in this matter sustained by this court in *Holmes v. Fischer*, 764 F.Supp.2d 523 (W.D.N.Y. 2011).  Plaintiff further contends that the Defendants' failure to serve Plaintiff with a copy of the Defendants' response to his Motion to Amend requires granting the Motion to Amend in its entirety (Doc. No. 32 at ¶ 2).  On February 6, 2012, Defendants filed the Declaration of David J. Sleight (Doc. No. 35) ("Declaration") in response to Plaintiff's Motion to Reconsider.  The Declaration asserts that Plaintiff's Motion was untimely as it failed to comply with Fed.R.Civ.P. 59(e) ("Rule 59(e)"), which according to the Defendants, requires motions to alter or amend a judgment to be made within 10 days of entry.  *Id*.

The D&O found that the Plaintiff intended to assert within his Proposed Seventh

Cause of Action a claim against Smith based on what Plaintiff alleged was a false report by Smith. (Doc. No. 31, at 13-14). The court found that such a claim would be futile given that prisoners have no constitutionally guaranteed immunity from being falsely accused of conduct that may result in the deprivation of a protected liberty interest. *Id.* As Plaintiff's due process claim against Smith would be subject to an inevitable and successful dismissal for failure to state a claim, the court denied Plaintiff's motion to add Smith as a defendant under Plaintiff's Seventh Cause of Action. *Id.*

Whether to grant a motion for reconsideration is within the sound discretion of the court, *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y. 1999) (citing cases), and the criteria for reconsideration motions are "strictly construed against the moving party." *Larouche v. Webster*, 975 F.Supp.490, 492 (S.D.N.Y. 1996) (citing cases). A motion for reconsideration will not be granted absent a showing that (1) the court overlooked factual matters or controlling decisions that might materially have influenced the earlier decision, or (2) the "need to correct a clear error or prevent manifest injustice." *Griffin Industries*, 72 F.Supp.2d at 368 (internal citations omitted). A motion for reconsideration is not intended as a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Id.*, at 368 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Upon reviewing Plaintiff's Motion to Reconsider, the court finds that while Plaintiff now states his allegation of a conspiracy was intended to include Smith, such a claim

was not clearly charged within Plaintiff's Proposed Amended Complaint.  Nevertheless, courts are required to liberally construe such pleadings in reviewing the pleadings of *pro se* litigants alleging civil rights violations.  *See Phillips v. Girdich*, 408 F.3d 124, 127–28 (2d Cir. 2005).  Based on Plaintiff's clarification as stated in Plaintiff's Motion that his allegations against Smith were included as evidence of Smith's role in the conspiracy to violate Plaintiff's civil rights, the court finds, upon reconsideration, that it should have been understood to include Smith as a defendant under Plaintiff's conspiracy claim.  Based on the court's misunderstanding of the scope of Plaintiff's allegation, the Plaintiff's Motion is accordingly GRANTED.  Consistent with the court's prior decision in *Holmes*, in which the court construed Plaintiff's sixth cause of action in the original complaint to include a conspiracy claim specifically denominated as a § 1985 claim, Plaintiff's conspiracy claim against Smith may be alleged under § 1985 or any other applicable state or federal conspiracy law prohibiting conspiracies to interfere with a protected civil right.  Plaintiff is directed to file an amended complaint which alleges a conspiracy claim under applicable state or federal law against Smith and other of the Defendants Plaintiff alleges participated in such conspiracy.  Plaintiff's amended complaint consistent with the foregoing shall be filed <u>not</u> <u>later</u> <u>than</u> **May 31, 2012.**

     Plaintiff's assertion that the Defendants failed to serve Plaintiff with a copy of Defendants' Memorandum of Law in opposition to Plaintiff's Motion to Amend is without merit.  The record shows that the Plaintiff was served with Defendants' Memorandum of Law in opposition on September 9, 2011 (Doc. No. 24) and that the Plaintiff filed a Reply Brief on September 21, 2011 (Doc. No. 25) directed to Defendants'

Memorandum of Law. Furthermore, as the court is granting the Plaintiff's Motion, the issue of Defendants' alleged failure to serve Plaintiff with Defendants' response is moot.

As to Defendants' argument that the Plaintiff's Motion was not timely filed in accordance with Rule 59(e), inasmuch as Plaintiff's Motion was filed within 28 days, *i.e.,* on January 9, 2012, as required by Rule 59(e) as recently amended effective December 1, 2009, the Defendants' objection is overruled. Accordingly, the court need not address whether Rule 59(e) is applicable to intermediate orders such as the D&O of which the Plaintiff's Motion seeks reconsideration.

SO ORDERED.

/s/ *Leslie G. Foschio*

———————————————————
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 11, 2012
      Buffalo, New York