UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDON HOLMES,

                                Plaintiff,

                        v.

BRIAN FISCHER, Commissioner of the New York
State Department of Correctional Serv., *et al.*,

                                Defendants.

DECISION
and
ORDER

09-CV-00829S(F)

_____

APPEARANCES:         THE REDDY LAW FIRM LLC
                               Attorneys for Plaintiff
                               PRATHIMA C. REDDY, of Counsel
                               455 Linwood Avenue
                               Buffalo, New York  14209

                               ERIC T. SCHNEIDERMAN
                               ATTORNEY GENERAL, STATE OF NEW YORK
                               Attorney for Defendants
                               DAVID J. SLEIGHT
                               Assistant Attorney General, of Counsel
                               350 Main Street
                               Suite 300A
                               Buffalo, New York  14202

By letter to the undersigned dated February 3, 2016 (Doc. No. 128) ("February 3, 2016 Letter"), Plaintiff advises there has been "a complete breakdown in the attorney-client relationship" between Plaintiff and his court appointed counsel, Prathima C. Reddy, Esq. ("Reddy"), and requests Reddy be discharged as his counsel and to revert to his *pro se* status.  Attached to the February 3, 2016 Letter is a copy of a grievance Plaintiff filed against Reddy with New York Supreme Court, Appellate Division, Fourth Department.  Plaintiff had previously raised a similar complaint by letter dated November 24, 2015 (Doc. No. 125) ("November 24, 2015 Letter"), in which Plaintiff also

seeks the discharge of Ms. Reddy and to revert to his *pro se* status, complaining of a repeated failure to receive legal mail from his Reddy which has interfered with Plaintiff's meaningful participation in telephone calls with Reddy, and asserting Plaintiff wished to assert several unspecified arguments in opposition to Defendants' then pending motion for summary judgment (Doc. No. 112).  In a combined Report and Recommendation/ Decision and Order filed February 10, 2016 ("February 10, 2016 Decision and Order") (Doc. No. 127), the undersigned denied Plaintiff's earlier request to discharge his court-appointed counsel because "Plaintiff, by requesting assignment of counsel, waived his right to self-representation and does not have an unfettered right to demand such court-appointed counsel be discharged and return to his *pro se* status absent grounds establishing Plaintiff's assigned counsel has failed to act with reasonable diligence and competence in prosecuting Plaintiff's case." February 10, 2016 Decision and Order at 48-49 (citing *Taylor v. Dickel*, 293 F.3d 427, 431-32 (8th Cir. 2002) (appointment of counsel pursuant to § 1915(e) does not permit party to demand court discharge such counsel and revert to *pro se* status; rather, to warrant discharge of assigned counsel represented party must demonstrate "justifiable dissatisfaction" with assigned counsel)). In issuing the February 10, 2016 Decision and Order, the undersigned found Plaintiff had failed to establish the requisite criteria to warrant discharging his court-appointed counsel.

In his most recent letter, however, filed after the February 10, 2016 Decision and Order, Plaintiff further explains that there are "irreconcilable differences from a complete breakdown in the attorney-client relationship."  February 3, 2016 Letter at 1.  Plaintiff also maintains that Reddy "called me today strictly to threaten me." *Id*.  Without

expressing any opinion as to whether Reddy did, in fact, threaten Plaintiff, the court finds that Plaintiff's perception that Reddy has failed to effectively advocate on his behalf sufficiently justifies Plaintiff's dissatisfaction with Reddy's representation to support relieving Reddy of her duty to further represent Plaintiff, even though Plaintiff will then revert to his *pro se* status.  See *Leftridge v. Conn. State Trooper Officer # 1283*, 640 F.3d 62, 67 (2d Cir. 2011) (requiring *pro se* plaintiff to proceed by counsel in a civil case violates 28 U.S.C. § 1654 which provides that in federal courts "the parties may plead and conduct their own cases personally");  see also *Norman v. Talcovitz*, 1996 WL 648970, at * 1 (S.D.N.Y. Nov. 7, 1996) (observing that plaintiff "has dismissed his court-appointed counsel and is now proceeding *pro se*. . . .").  *Cf.*, *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), slip op. at 6-11 (W.D.N.Y. Mar. 20, 2013) (denying attorney's motion to withdraw where record failed to establish a good cause for withdrawal).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 128) to discharge his court-appointed counsel and revert to proceeding *pro se* is GRANTED.  Plaintiff's time to file objections to the Report and Recommendation/Decision and Order filed February 10, 2016 (Doc. No. 127), is extended to March 25, 2016.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	February 25, 2016
	Buffalo, New York

3